UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK OSEI,

                              NO. CIV. S-09-1981 LKK/JFM

       Plaintiff,

  v.

COUNTRYWIDE HOME LOANS;
LENDING 1st MORTGAGE;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;          O R D E R
DELTA MORTGAGE & REAL
ESTATE; JEFFREY ALAN
PELLETIER; JEFFREY PAUL
OLSON; JEFF BRYAN DELORA;
and DOES1-20, inclusive,

       Defendants.
                               /

On March 23, 2010, plaintiff filed a second amended complaint ("SAC"). Unlike his previous complaints, this complaint only stated claims under various California laws. All defendants who have appeared in this case moved to dismiss all of the claims against them. Dkt. Nos. 55, 58, 59. Some defendants moved under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Defendants Bank of America Corporation and Mortgage Electronic Registration Systems, Inc. ("Bank of America defendants") only moved under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

1

Accordingly, on May 15, 2010, the court issued an order to show cause to the Bank of America defendants as to why this case should not be dismissed for lack of subject matter jurisdiction. On May 18, 2010, the Bank of America defendants filed a response arguing (1) that this court has subject matter jurisdiction over the above captioned case and, alternatively, (2) that the court should nonetheless exercise supplemental jurisdiction over the complaint. On May 26, 2010, plaintiff filed a reply arguing that this court should dismiss the complaint for lack of subject matter jurisdiction.

### A.   Whether the Complaint Raises a Federal Question.

The Bank of America defendants argue that plaintiff's SAC raises a federal question because his claim under the Rosenthal Fair Debt Collection Procedures Act ("Rosenthal Act") incorporates federal law. Specifically, defendants cite to this court's March 2, 2010 order, which held that the Rosenthal Act "explicitly incorporates federal law." The section of the Rosenthal Act that incorporates federal law is the following:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. **The references to federal codes in this section refer to those codes as they read January 1, 2001.**

Cal. Civ. Code § 1788.17 (emphasis added).

2

Plaintiff argues that the Bank of America defendants' response to the order to show cause "is simply ridiculous." This is simply untrue. These defendants actually raise what is a close question of federal question jurisdiction. A federal question arises where "the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998). "When a claim can be supported by alternative and independent theories--one of which is a state law theory and one of which is a federal law theory--federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Rains v. Criterion Sys., Inc., 80 F.3d 339, 346 (9th Cir. 1996), see also Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809-10 (1988).

In International Union, the Ninth Circuit considered whether federal jurisdiction attached where California adopted principles of federal law. Int'l Union of Operating Eng'rs v. County of Plumas ("International Union"), 559 F.3d 1041, 1044-45 (9th Cir. 2009). The court reasoned, "'Arising under' federal jurisdiction only arises . . . when the federal law does more than just shape a court's interpretation of state law; the federal law must be at issue." Id. (emphasis in original). Applying this test to the question of whether the adoption in the California labor code of federal legal principles, the court held that "the state law right . . . does not turn on a construction of federal law. Rather, it

1  is influenced by an application of the federal law . . . ." Id. The
2  court concluded that the case did not raise a federal question
3  because "California courts are not bound by federal . . . law [ .
4  . . where] they have merely voluntarily adopted parts of it."
5     The instant case raises the same issue. The Rosenthal Act
6  voluntarily adopted parts of the federal Fair Debt Collections
7  Procedures Act ("FDCPA") as it existed in 2001. Here, federal law,
8  as it was written in 2001, is to shape a court's interpretation of
9  the Rosenthal Act. The court is not bound to follow federal law,
10 especially federal law in 2010. Rather, the California legislature
11 has elected to adopt language from the FDCPA as it was written in
12 2001. California merely adopted federal law. Current
13 interpretations of that law do not in any way bind interpretation
14 of the Rosenthal Act. Thus, the court does not have federal
15 question jurisdiction over plaintiff's Rosenthal Act claim.

16     **B.   Whether the Court Should Exercise Supplemental Jurisdiction**.
17

18     The Bank of America defendants also argue that this court
19 should exercise supplemental jurisdiction over plaintiff's state
20 law claims because to decline supplemental jurisdiction "would be
21 a terrible waste of resources by the Court and the parties."
22 Further, they argue that forcing the defendants to "redraft their
23 motion and file it in a different court . . . would . . . saddle[
24 them] with an unfair and costly additional burden." In opposition,
25 plaintiff merely argues that courts "should usually decline to
26 exercise supplemental jurisdiction when federal claims are

4

1  eliminated before trial." The court has already held that it "will
2  decline to exercise supplemental jurisdiction over the remaining
3  state law claims" if the court lacks subject matter jurisdiction.
4  May 12, 2010 Order, Dkt. No. 62. While the court is somewhat
5  sympathetic to the Bank of America defendants' concerns, it
6  nonetheless declines to exercise supplemental jurisdiction.
7      IT IS SO ORDERED.
8      DATED: June 14, 2010.

<br/>

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

5